IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:17CR256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OBJECTION TO PRE-SENTENCE** |
| | ) | **REPORT** |
| DONALD BAUERMEISTER, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant objects to each and every offense level determined by the probation officer for each and every reason set out below:

1. The indictment charged a marijuana offense involving only ten (10) pounds. This represents the entire marijuana discovered by Utah law enforcement officer which was confiscated and was the only marijuana involved in this case.

2. The only people involved in this case were the defendant and his friend, who was transporting the marijuana. This was the only transaction between the two, and the only transaction charged.

3. The parties stipulated to a weight of 10 to 16 pounds.

4. The probation officer did not accept the weight agreed to by the parties and made up a weight of 25 pounds, with no evidence to support this conclusion and based upon only his belief that the defendant had been involved with some marijuana on other occasions, without any knowledge of when or amounts. His addition of 9 pounds of weight is not supported by any evidence and is not relevant to this completely unrelated charge. Furthermore, and most important, the added weight of marijuana that might have been purchased by the defendant on a few other unrelated occasions, must have been part of a common plan or scheme. Since there is no evidence that marijuana received on any other occasion was part of a common plan or scheme and cannot be counted as drug weight in this case. This is not, I repeat, not a case where the defendant was buying marijuana in other states continually on a regular basis, as compared to an infrequent, occasional, transaction.

In summary, past unrelated transactions not a part of a plan or scheme, cannot be considered as "relevant conduct", and thus cannot be used to increase the offense level. This is so fundamental that any citation of authority would be shear pedantry.

5. The raising of the offense level by saying that the defendant was an organizer, leader or manager, was erroneous because the defendant engaged in a single transaction with a friend. To be an "organizer or leader", it is necessary to look at the number of people involved in the offense (two) and how extensive the offense was (See U.S.S.G. Section 3b1.1).

In summary, what the probation officer seeks to do is best explained by a simple analogy. If prostitution was a federal crime, would a business man staying in a hotel who pays the desk clerk to send him a prostitute to while away the evening, be guilty of soliciting prostitution, or could his sentence be increased because he was a leader or organizer, since he paid the desk clerk for the referral? This analogy may sound silly, but this is what the probation officer is contending. The plea agreement was made by an experienced federal prosecutor, endorsed by his boss and the drug agents who made the case. Their analysis of the case should serve to support the acceptance of the plea agreement.

DATED this 22nd day of December, 2017.

DONALD BAUERMEISTER, Defendant

BY: /s/ J. William Gallup
J. William Gallup #11425
Attorney for Defendant
209 South 19th Street, Suite 340
Omaha, NE 68102
Phone (402) 506-6336
Fax (402) 341-2188
omahalaw@live.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 22nd day of December, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all interested parties on the Clerk's CM/ECF electronic filing system.

                                                */s/ J. William Gallup*
                                                J. William Gallup #11425