IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR256 |
| vs. | GOVERNMENT'S OBJECTION TO REVISED PRESENTENCE INVESTIGATION REPORT |
| DONALD BAUERMEISTER, | |
| Defendant. | |

COMES NOW the United States, by and through the undersigned Assistant United States Attorney, and respectfully objects to paragraph 37 of the Revised Presentence Investigation Report (RPIR).  The United States further objects to the impact that the Role in the Offense enhancement applied at paragraph 37 has on paragraphs 39, 42, and 81.

1. "[T]o apply an enhancement under Section 3B1.1(c), the district court must find that the defendant was an organizer, leader, manager or supervisor in any criminal activity." United States v. Frausto, 636 F.3d 992, 996 (8th Cir. 2011).  A court may consider a defendant's: 1) exercise of decision making authority; 2) the nature of participation in the offense; 3) recruitment of accomplices; 4) right to a larger share of the fruits of a crime; 5) degree of planning or participation; 6) nature and scope of the illegal activity; and 7) degree of control exercised over others. Id.; U.S.S.G. § 3B1.1 cmt n. 4.

2. The United States submits that the available evidence will not support the role enhancement.  The government's evidence is limited to two marijuana trips and the statements made by the co-conspirator upon apprehension in Utah.  Statements made by the defendant to the Federal Bureau of Investigation were given under the protection of a proffer preserving his Fifth Amendment Rights.

3. The available evidence presents two simple marijuana transactions.  These events involved no more than three people: the defendant; his co-conspirator; and his source in Oregon.  The quantity of marijuana, less than 10 kilograms, does not otherwise meet the threshold for federal prosecution in Nebraska.  No evidence was developed to show that the defendant used his position as an Assistant City Prosecutor or as a lawyer to facilitate the transactions.  Because this case was not begun or investigated as a drug matter, there is little evidence to be offered other that the information noted in the RPIR by the Probation Office.  Although the court may consider the applicable factors broadly, the United States submits that the available evidence will not support a role enhancement.

4. The United States does not have any other objections and adopts the remainder of the RPIR except to the extent that the role enhancements inflate paragraphs 39, 42, and 81.

5. The United States submits that the guideline provisions noted at paragraph 81 should reflect a Total Offense Level 10, a Criminal History Category I and an advisory guideline imprisonment range of 6-12 months.

Respectfully submitted,

UNITED STATES OF AMERICA, Plaintiff

ROBERT C. STUART
Acting United States Attorney
District of Nebraska

By:     s/ Michael P. Norris
        MICHAEL P. NORRIS (#17765)
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Tel:  (402) 661-3700
        Fax:  (402) 661-3084
        E-mail: Michael.Norris@usdoj.gov

2

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on January 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  **J. William Gallup**, Attorney at Law, and also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non-CM/ECF participants:

   Craig R. Ford
   U.S. Probation

         *s/ Michael P. Norris*
         Assistant U.S. Attorney